# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2012
_____

JAMI DUNLAP,

   Appellant,

   v.

NEEDLE RUSH POINT OWNERS'
ASSOCIATION, INC.,

   Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.


December 3, 2025


PER CURIAM.

Appellant, Jami Dunlap, appeals a final summary judgment entered in favor of Appellee, Needle Rush Point Owners' Association, Inc., in a premises liability action that Appellant filed after she fell and suffered injuries on Appellee's property. In granting summary judgment in Appellee's favor on the issue of causation, the trial court relied upon portions of Appellant's deposition where she testified that her foot "gave up" and collapsed. However, not only did Appellant claim in her interrogatory responses that it was the rotten wood and green slippery moss-like substance on Appellee's boardwalk that caused her to fall, but she also testified during her deposition that her fall was caused by the condition of the wood. She also presented

photographs of the boardwalk that were taken shortly after the incident, along with the shoe she wore that day that was marked with "the green substance" from the boardwalk. By doing so, Appellant presented competent evidence that showed a genuine issue for trial. *See Casey v. Mistral Condo. Ass'n, Inc.,* 380 So. 3d 1278, 1285 (Fla. 1st DCA 2024) (explaining that where a movant for summary judgment satisfies its initial burden of identifying the portions of the record which it believes demonstrate the absence of a genuine issue of material fact, the nonmoving party, in order to overcome the summary judgment motion, must present competent evidence that shows a genuine issue for trial); *see also United States v. Stein,* 881 F.3d 853, 857 (11th Cir. 2018) ("[A] litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment.").

Accordingly, we reverse the final summary judgment and remand for further proceedings.

REVERSED and REMANDED.

LEWIS, M.K. THOMAS, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Brian J. Lee of Morgan & Morgan, Jacksonville, for Appellant.

Michael T. Stallings of Kirkland McGhee & Gann, P.A., Pensacola, for Appellee.